**E-FILED**
Wednesday, 08 September, 2004  04:30:04 PM
Clerk, U.S. District Court, ILCD

SEP 0 7 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## IN THE
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

DAVID L. LOWIS )
_____ )
Plaintiff )
                        )  Case No. 03-3062
            v.          )
                        )
                        )
MONTGOMERY COUNTY SHERIFF, et )
_____ al. )
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO:  Clerk of the U.S. Dist. Clerk TO:  _____
     600 East Monroe St.            _____
     Springfield, IL 62701          _____
     _____              _____

PLEASE TAKE NOTICE that on  September 2  , 20 04 , I have filed with the
U.S. Mail through the  Big Muddy River     Correctional Center the following
documents, properly addressed to the parties above:  Plaintiff's Grounds
_____  for Appealing  .

I further declare, under penalty of perjury, that I am the Plaintiff in the above action, that
I have read the above documents, and that the information contained therein is true and
correct. 28 USC 1746 and 18 USC 1621.

DATE: September 2, 2004        /s/ David L. Lowis
                               NAME: David L. Lowis
Subscribed and Sworn to before IDOC#: K97442
me by David L. Lowis this 2nd  Big Muddy Riv. Correctional Center
day of September, 2004.        P.O. BOX  900
                                         Ina       , IL 62846

"OFFICIAL SEAL"
Jennifer L. Wilson
Notary Public, State of Illinois
My Commission Exp. 07/31/2008

Form Revised 11/1/01

Involuing Case: 3:03cv3062    To: Central District of Illinois.
                                  office of the Clerk.
                              United States District Court
                              151 US. Court House
                              600 EAST MonROE Street,
                              Springfield, Illinois, 62701
                          C/o' Attention # The Horarable Harold A. Baker
                                        UNITED STATES District Judge.

From # David L Lowis K97442
        BMRCC
        PO Box 900
        Ina, IL 62846

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

**David L. Lowis,**
      **Plaintiff,**

      **vs.**

**03-3062**

**Montgomery County Sheriff, et al.,**
      **Defendants.**

### ORDER

The plaintiff seeks leave to proceed on appeal *in forma pauperis* [d/e 20]. Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. *See Cruz v. Hauck*, 404 U.S. 59, 62 (1971); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). The court cannot find a good faith basis for his appeal. *See Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), where the court held that an appeal from a dismissal for frivolousness cannot be in good faith. For the reasons stated in its October 31, 2003 order, the court finds that this action does not raise a substantial issue meriting relief from judgment.

However, the United States Court of Appeals for the Seventh Circuit has ruled that where the appellant was authorized to proceed in forma pauperis in the district court, a district judge who after receiving the notice of appeal doubts that it is in good faith should, before denying the appellant's in forma pauperis status, give him an opportunity to submit a statement of his grounds for appealing. *See Celske v. Edwards*, 164 F.3d 396 (7th Cir. 1999). A plaintiff that identifies issues that are debatable among jurists of reasons, that could be resolved in a different manner, or that are sufficient to deserve encouragement to proceed further demonstrate a good faith basis for an appeal. *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998).

**IT IS THEREFORE ORDERED:**

1.     **The plaintiff is directed to submit a brief informing the court of his grounds for appealing within fourteen (14) days from the date of this order. If the plaintiff fails to respond within the time specified, the court will make an assessment of the issue of good faith without further consideration.**
2.     **The clerk of the court is directed to forward a copy of this order to the United States Court of Appeals for the Seventh Circuit.**

**ENTER: August 19, 2004.**

                        **s/Harold A. Baker**

                        **HAROLD A. BAKER**
                        **UNITED STATES DISTRICT JUDGE**

From:ECF_Returns
To:ECF_Notices
Message-Id:<17600>
Bcc:Chambers.Baker@ilcd.uscourts.gov,Chambers.Evans@ilcd.uscourts.gov
Subject:Activity in Case 3:03-cv-03062-HAB-CHE Lowis v. Montgomery Cty Sher, et
al "Order"
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without
charge. To avoid later charges, download a copy of each document during this
first viewing.
U.S. District Court
Central District of Illinois

Notice of Electronic Filing
The following transaction was entered on 8/20/2004 at 10:49 AM CDT and filed on
8/20/2004

Case Name: Lowis v. Montgomery Cty Sher, et al
Case Number: 3:03-cv-3062 https://ecf.ilcd.uscourts.gov/cgi-bin/DktRpt.pl?22781
WARNING: CASE CLOSED on 10/31/2003

Document Number: 24
Copy the URL address from the line below into the location bar of your Web
browser to view the document:
https://ecf.ilcd.uscourts.gov/cgi-bin/show_case_doc?24,22781,,MAGIC,

Docket Text:
ORDER: The plaintiff is directed to submit a brief informing the court of his
grounds for appealing within fourteen (14) days from the date of this order. If
the plaintiff fails to respond within the time specified, the court will make an
assessment of the issue of good faith without further consideration. The clerk
of the court is directed to forward a copy of this order to the United States
Court of Appeals for the Seventh Circuit. Entered by Judge Harold A. Baker on
8/19/2004.(MAS, ilcd)

The following document(s) are associated with this transaction:
Document description: Main Document
Original filename: n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1068668610 [Date=8/20/2004] [FileNumber=17599-0]
[1e6c158e8c827f7c1cec723af8fca5cba9f6da8dcb49d2e08268c0cfa3c02d4d310444b8e15f7c9
c5fc58254a0806d26bacd375d537549a1fec865ced7a19f45]]


3:03-cv-3062 Notice will be electronically mailed to:

3:03-cv-3062 Notice will be delivered by other means to:
David L Lowis
K97442
BMRCC
Big Muddy River Correctional Center
PO Box 900
Ina, IL 62846

## ARTICLES OF PARTICULARS

1. ON   $\mathcal{D}_{\mathit{a}}$ · ·           THE GRAND JURY CONVENED IN THE MATTER OF THE PEOPLE VS. DAVID L. LOWIS
TO DECIDE THE MATTER IN WHICH DAVID L. LOWIS WAS CHARGED, A SIX COUNT INDICTMENT WAS RETURNED:
(1) CRIMINAL DRUG CONSPIRACY,COUNT (2) CRIMINAL DRUG CONSPIRACY,COUNT(3) CRIMINAL DRUG CON-
SPIRACY,COUNT(4) UNLAWFUL POSSESSION WITH THE INTENT TO DELIVER A CONTROLLED SUBSTANCE,COUNT
(5) UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE,COUNT(6) UNLAWFUL MANUFACTURE OF A CONTROLLED
SUBSTANCE. THE GRAND JURY RETURNED A TRUE BILL AGAINST DAVID L. LOWIS. BY JUDGE ZAPPA. I WAS
CHARGED AND INDICTED BY GRAND JURY IN MONTGOMERY COUNTY.

## STATEMENT OF FACTS

THIS CASE IS A SIX COUNT INDICTMENT. DAVID L. LOWIS AND SEVERAL OTHER ALLEGED CO-CONSPIRATORS ON SEVERAL DIFFERENT OCCASSIONS WERE ALLEGED TO HAVE HAD CONVERSATIONS RELATING TO THE MANU-FACTURING OF METH, UNLAWFUL POSSESSION WITH INTENT, AND THE CONSPIRACY CHARGES. DAVID L. LOWIS IS APPEALING DUE TO HIS MISREPRESENTATION BY HIS ATTORNEY,                    ILLEGAL SEARCH AND SEIZURE, THE PURJURED TESTIMONY BY OFFICERS AND THE ENTRAPMENT ISSUES. MR. LOWIS PLEAD GUILTY TO ALL CHARGES, FRIGHTENED AND UNACUSTOMED TO CRIMINAL COURT PRESIDINGS AS WELL.AS BELIEVING HIS ATTORNEY WOULD ADVISE HIM PROPERLY AND THAT HE WAS OBLIGATED TO ACT IN HIS BEST INTEREST. MR. LOWIS IS NOW SERVING NINE YEARS.

3.

## ARTICLES OF PARTICULARS

FROM: THE STATE WIDE GRAND JURY RECONVENED WITH 16 GRAND JURORS PRESENT.

PRESENTING CASE NUMBER 01-SWGJ-S-15, SEEKING A SIX COUNT INDICTMENT AGAINST DAVID L. LOWIS

THE APPELLANT IN THIS MATTER THAT NOW COMES BEFORE THE APPELLATE COURT FOURTH DISTRICT OF

ILLINOIS.

THE ATTORNEY FOR THE STATE OF ILLINOIS MR. TURNER OPENED WITH OPENING REMARKS-STATED ON

PAGES 3 LINE 10 THROUGH PAGE 5 LINE 17.

IN THE COUNT OF CRIMINAL DRUG CONSPIRACY A CLASS X FELONY. ALLEGED CO-CONSPIRATORS RODNEY

BESS, LORREE DORSEY, ROBERT SPENCER AND DONALD HUMPHERY; ALLEGEDLY CONSPIRED TO MANUFACTURE

MORE THAN 900 GRAMS OF A SUBSTANCE THAT WAS TO CONTAIN METHAMPHETAMINE.

IN REFERENCE TO THE ENTRAPMENT - SEVERAL OF THE DEFENDANTS HAD A PERSONAL PRIOR RELATIONSHIP

WITH OFFICER RICK ROBBINS. TO WIT DEFENDANTS ROD BESS, DONALD HUMPHERY AND WITHOUT MY PRIOR

KNOWLEDGE DID IN FACT BEGIN TO PUT SOME INGREDIENTS TOGETHER; WHICH I WAS AT THE TIME A USER,

NOT A DRUG MANUFACTURER, AND HAD NO KNOWLEDGE OF WHAT WAS GOING ON AROUND ME. I HAVE A BACK-

GROUND IN COAL MINING, FOR 20 YEARS. NOT CHEMISTRY. I NEVER CONSPIRED WITH ANY ONE TO MANU-

FACTURE METH. PAGES 6 THROUGH 8 I AM ACCUSSED OF CONSPIRING WITH THE EARLIER MENTIONED DEFENDANT:

COUNTS 1 TO 3.

IN REFERENCE TO THE ILLEGAL SEARCH AND SEIZURE; COUNTS 4,5,6: (4) UNLAWFUL POSSESSION WITH

INTENT TO DELIVER A CONTROLLED SUBSTANCE, (5) UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE,

(6) UNLAWFUL MANUFACTURE OF A CONTROLLED SUBSTANCE.

ON JULY 5th, 2001, OFFICER JEFF ROACH AND R/D SANDFORD ARRIVED AT 22335 E. 13th ROAD IN

ROUNDTREE TOWNSHIP IN SEARCH OF JOSEPH BROWN AND ADAM LOWIS WHO WERE SUPPOSEDLY WANTED ON

FUGITIVE WARRANTS. THEY WERE ALSO ACCOMPANIED BY OFFICERS RICK FURLOUGH, KIETH HANCOCK,

KELLY BREWER AND OTHERS FROM VARIOUS AGENCIES. OFFICERS OF THE MONTGOMERY COUNTY SHERIFFS

DEPARTMENT STATED IN OFFICERS NARRATIVE REPORT MC0107017.

THAT WHILE DRIVING BY MY RESIDENCE THEY SMELLED  ETHER/STARTING FLUID AT AROUND 1:12 A.M.

AFTER HAVING A MEETING WITH VARIOUS OTHER LAW ENFORCEMENT AGENCIES; OVER AN HOUR LATER FINALLY

APPROACHED THE HOUSE. DID THEY NOT HAVE PLENTY OF TIME TO GET A SEARCH WARRANT FOR A POSSIBLE

METH LAB?

4.

WHICH BECAME A PRIORITY IT SEEMS. SO IN FACT TO OBTAIN ENTRY TO MY HOME THEY USED BOGUS
WARRANTS, THEY KNEW MY SON ADAM LOWIS WAS IN CUSTODY, AND HAD BEEN FOR SEVERAL DAYS. THROUGH
MY WILLINGNESS TO COOPERATE WITH THE OFFICERS I CONSENTED TO A SEARCH FOR JOSEPH BROWN. YES,
I WAS GETTING HIGH, BUT HAD NOTHING ELSE TO HIDE. THE OFFICERS ILLEGALLY SEARCHED MY HOME
FOR OTHER THINGS, WHICH I FOUND OUT LATER WERE USED IN THE MANUFACTURING OF METH. I DID
NOT GIVE MY PERMISSION TO SEARCH MY HOME OTHER THAN JOSEPH BROWN.

IN POLICE NARRATIVE 4; IT IS STATED REPEATEDLY THE INTENT OF THE VISIT; WHICH WAS A LIE.
IT HAD BEEN DISCUSSED BETWEEN OFFICERS, IS MY HOME NOT SAFE OR PROTECTED UNDER LAW; I NEVER
SMELLED WHAT THE OFFICERS ALLEGEDLY SMELLED. OFFICER RICK ROBBINS TESTIFIED TO THE GRAND
JURY THAT HE HAD BEEN INVOLVED IN 50 TO 75 METH CASES, DID HE NOT KNOW TO GET A WARRANT.
IF I AM BARBEQUING AND USE STARTER FLUID; DOES THAT MEAN I AM MAKING METH; AND MY HOME BE-
COMES FAIR GAME. PURJURED TESTIMONY BY OFFICERS TO GRAND JURY.

5.

### POINTS AND AUTHORITIES

1. ILLEGAL SEARCH AND SEIZURE: USED FUGITIVE WARRANTS TO GAIN ENTRY INTO RESIDENCE. WHEN
   IN FACT HAD OTHER INTENTIONS, HAD OVER AN HOUR AND A HALF TO OBTAIN SEARCH WARRANTS
   FOR THOSE INTENTIONS TO SEARCH FOR SPECIFICS.

   CASES SIGHTED: ILLEGAL SEARCH & SEIZURES FOURTH AMENDMENT ILL. APP. 1 DIST. 2002,
   PEOPLE VS. DAVIS ILL. DEC. 829 799 NE 2d 443. NECESSITY OF AND PREFERENCE FOR
   WARRANTS EXCEPTIONS IN GENERAL. USCA AMEND 4 CONSTITUTION, SEARCHES & SEIZURES. 1307.
   GOOD FAITH OF OFFICERS; GOOD FAITH ON PART OF ARRESTING OFFICERS IS NOT SUFFICIENT
   TO STAND ATTACK ON CONSTITUTIONAL VALIDITY OF ARREST WITHOUT WARRANT. BECK VS. STATE
   OF OHIO, OHIO 1964, 85 S. CT. 223, 379 U.S. 89 13 L. LD 2d 142. SEE ALSO U.S. VS.
   MARGESON D.C. PA 1966 259 F. SUPP. 256. MEINERS VS. MORIARITY, C.A. ILL. 1977 563
   F. 2d 342. U.S. VS. JENNINGS C.A. ARIZ. 1972 468 2d 111. KREMEN VS. U.S. CAL 1957.
   77 S. CT. 828, 353 U.S., 346. IL. ED. 2d 876. U.S. VS. DIEN, C.A. 2(N.Y.) 1980, 615
   F. 2d 10. U.S. VS. FAILLA W.D. N.Y. 1972. 343. U.S. VS. ELLIOTT. D.C. MASS. 1962.
   210 F. SUPP. 357.

2. PURJURED TESTIMONY FROM OFFICERS TO GRAND JURY TO GAIN INDICTMENT: STATED ONE THING
   TO GRAND JURY; WHILE CONCEALING THE FACT THAT THEY HAD KNOWLEDGE THAT ONE FUGITIVE
   WAS ALREADY SERVING TIME IN THE IDOC AND THAT THEY HAD RECEIVED A CRIME STOPPERS TIP,
   AS WELL AS HAD A PRIOR ALLEGED KNOWLEDGE OF ILLEGAL OCCURRENCES.

   CASES SIGHTED: GRAND JUROR: CHAD TURNER QUESTION & ANSWERS BY MR. TURNER PAGE 15,
   LINE 21 THRU PAGE 16, LINE 16.

   > GRAND JUROR: QUESTION PAGE 17, LINES 9 THRU 24 TO PAGE 18 LINE 5.
   > MR. TURNER PAGE 18, LINE 23. STATE CALLS DEPUTY BRUCE SANFORD,
   > MONTGOMERY COUNTY SHERIFFS DEPARTMENT, PAGE 19, QUESTION LINE 22
   > THRU PAGE 20, LINE 1 ANSWER YES SOME THRU QUESTION LINE 15, ANSWER
   > ANOTHER DEPUTY AND MYSELF AGREED TO GO TO THE RESIDENCE AND ATTEMPT
   > TO LOCATE TWO WANTED SUBJECTS. THRU PAGE 21, LINE 1 Q. — LINE 3,
   > ANSWER YES.

6.

MR. TURNER QUESTION TO OFFICER SANFORD PAGE 21, LINE 19 THRU PAGE 22
THRU LINE 19.

THIS WAS OVER ONE HOUR LATER - STOP EXCHANGED INFORMATION; ASSEMBLED
A TEAM OF OFFICERS; BUT DID NOT GET A SEARCH WARRANT TO  SEARCH FOR
METH LAB. INSTEAD USED DECEPTION AS THEY DID WITH THE GRAND JURY; TO
HIDE ALL THE FACTS AND ALL THE INFORMATION IS PURJURY.

HID THE FACT THAT THEY HAD CRIME STOPPERS TIP PAID $350.00 FOR A TIP
A POSSIBLE METH LAB ON 23RD AVE. IN NOKOMIS & HILLSBORO PAPERS. AND
THAT RON BESS HAD BEEN THREATENED BY OFFICER RICK ROBBINS THAT HE HAD
TWO WEEKS TO GIVE UP A METH LAB, AND THREE MORE NAMES OR HE WAS GOING
TO BE ARRESTED ON DRUG CONSPIRACY CHARGES ALSO. HE RECEIVED SIX MONTHS
AND A FINE OF $8,000.00 AND TWO YEARS PROBATION. HE WAS NOT CHARGED
IMMEDIATELY; WITNESS TO THIS THREAT BY OFFICER RICK ROBBINS TO BESS
BRUCE BURKE.(WITNESS TO STATEMENT).

3. ENTRAPMENT: USED KNOWN METH MAKERS; WHO HAD PAST DIFFICULTIES, CHARGES, PENDING CASES
WITH ARRESTING OFFICERS, OR AT LEAST HAD A RAPOR WITH OFFICERS; AND WERE USED TO FAB-
RICATE THE CONSPIRACY CHARGES.

CASES SIGHTED: (FROM TRANSCRIPTS) PAGE 23, LINE 4 THRU LINE 10 - PAGE 23, LINE 19
THRU LINE 7. MR. LOWIS WAS CONSENTING TO THE WARRANT TO SEARCH FOR
ONE FUGITIVE; KNOWING THE MONTGOMERY COUNTY SHERIFFS HAD KNOWLEDGE
THAT HIS SON HAD BEEN PICKED UP ON A FUGITIVE WARRANT FOR PAROLE
VIOLATION DAYS PRIOR. NOT TO SEARCH FOR A METH LAB. (FROM TRANSCRIPT)
PAGE 28, LINE 13 THRU LINE 19 - PAGE 39, LINE 15 THRU LINE 20 - PAGE
49, LINE 19 THRU PAGE 50, LINE 7.

(CITE AS 178 N.E. 2d 641) ENTRAPMENT - IS CONCEPTION AND PLANNING OF
OFFENSE BY OFFICER AND HIS PROCUREMENT OF IT'S COMMISSION BY ONE WHO
WOULD NOT HAVE PERPETRATED IT EXCEPT FOR TRICKERY, PERSUASION OR FRAUD
OF THE OFFICER. OFFICER MADE A DEAL WITH ROB BESS/ WITNESS BRUCE BURKE.

7.

PEOPLE OF THE STATE OF ILLINOIS, SORRELLS VS. UNITED STATES 287 U.S. 435, 454, 53 S. CT. 210, 217, 77 L. ED. 413, 423. 14 I.L.P. CRIMINAL LAW §50. FEDERAL REPORTER CITE AS 924 F. 2d. 714 (7th CIR. 1991) U.S. VS. EVANS CRIMINAL 37(2). DEFENDANT NEED NOT BE RELUCTANT THROUGHOUT ENTIRE COURSE OF CRIMINAL CONDUCT IN ORDER TO BE ENTITLED TO ASSERT ENTRAPMENT DEFENSE.

4. INEFFECTIVE COUNSEL: MET WITH ATTORNEY ABOUT SEVEN TIMES, TEN MINUTES EACH TIME; NEVER DISCUSSING THE MERITS OR LACK OF MERIT TO THE CHARGES; VIOLATIONS OF MY RIGHTS AND THE CREDIBILITY OF THE OFFICERS, AND TO TAKE HIM MONEY. AS WELL AS THE LACK OF CHALLENGING THE TESTIMONIES. REF. CONSTITUTIONAL RIGHTS OF THE ACCUSED. JOSEPH G. COOK 2nd. EDITION § 7:18 PG. 339.

CASES SIGHTED: FIRST THE DEFENDANT MUST SHOW THAT COUNSELS PERFORMANCE WAS DEFICIENT. THIS REQUIRES SHOWING THAT COUNSEL MADE ERRORS SO SERIOUS THAT COUNSEL WAS NOT FUNC- TIONING AS THE " COUNSEL " GUARANTEED THE DEFENDANT MUST SHOW THAT THE DEFICIENT PER- FORMANCE PREJUDICED THE DEFENSE. THIS REQUIRES SHOWING THAT COUNSELS ERRORS WERE SO SERIOUS AS TO DEPRIVE THE DEFENDANT OF A FAIR TRIAL, A TRIAL WHOSE RESULT IS RELIABLE.

## IN SUMMARY

(1.) COUNSEL WAS DEFICIENT IN AS MUCH AS THE ATTORNEY, NEVER REQUESTED TO BE PRESENT
AT GRAND JURY HEARING.

(2.) COUNSEL NEVER INVESTIGATED THE ACTIONS OF THE OFFICERS, NEVER QUESTIONED CHAIN OF
CUSTODY, NEVER QUESTIONED WHY THERE WAS NO SEARCH WARRANT FOR THE PURPOSE OF SEARCH-
ING FOR A METH LAB, NEVER OFFERED A DEFENSE ON MY BEHALF, NEVER ADVISED ME OF THE
MANY VIOLATIONS OF MY CIVIL RIGHTS, NOR DID HE QUESTION THE VIOLATIONS OF THE 6th
AND 14th AMENDMENTS; I WAS A LAYMAN , POORLY EDUCATED AND DID NOT HAVE KNOWLEDGE
OF THE LAW, AND TRUSTED THAT HE WOULD REPRESENT ME.

TO THE COUNTS I AM CHARGED WITH, COUNTS 1,2,3 CONSPIRACY TO MANUFACTURE METH; I
HAVE NO KNOWLEDGE OF THE MANUFACTURING OF METH, AND WAS CLEARLY DRAWN INTO THE
ENTRAPMENT; I HAD ONLY BEEN USING METH FOR A SHORT TIME AND HAD ONLY KNOWN MY
ALLEGED CO-CONSPIRATORS THROUGH MY DISEASE AND THROUGH MY FIANCEE AT THE TIME. IN
ADDITION THE ARRANGEMENT MADE BETWEEN RON BESS AND THE OFFICER RICK ROBBINS CAME
TO MY ATTENTION ONLY RECENTLY; BRUCE BURKE OF WIT THE WITNESS TO THIS.

### PERJURED TESTIMONY:

IT IS ALSO CLEAR THAT THE STATES ATTORNEY COACHED THE OFFICERS, BUT NOT CAREFUL
TO REMIND THEM THAT HIDING INFORMATION FROM THE GRAND JURY; WAS IN ITSELF PERJURY,
BUT ONCE THE STORY WAS TOLD ABOUT THE ARREST, THEN YOU HAVE TO GO BACK AND ADMIT
YOU, THEY WITHHELD INFORMATION; AS POINTED OUT EARLIER IN THE BRIEF; THE CRIME
STOPPERS TIP, THE RELATIONSHIP BETWEEN OFFICER RICK ROBBINS AND DONALD HUMPHERY
AND RON BESS TO FABRICATE A CASE AGAINST ME.

### ILLEGAL SEARCH & SEIZURE:

THE FALSE EXCUSE TO ENTER MY HOME; A VIOLATION OF MY PRIVACY, MY CIVIL RIGHTS,
AND TO ABUSE THEIR AUTHORITY. KNOWING MY SON WAS IN CUSTODY AND PURSUED WITH A
TAINTED WARRANT; WHILE CLEARLY HAVING AMPLE TIME TO ACQUIRE A LEGAL WARRANT TO
SEARCH FOR A POSSIBLE METH LAB, WHICH THE OFFICE NOT ONLY HAD A TIP,

9.

BUT KNEW WHO WAS IN THE HOUSE; BECAUSE OF PRIOR ARRANGEMENTS WITH SEVERAL OF THE

DEFENDANTS. YES, I LIVE IN A SMALL TOWN, AND EVERYBODY KNOWS EVERYBODY. I HAVE

BEEN A HARD WORKER ALL MY LIFE, I HAVE SONS WHO HAVE BEEN IN TROUBLE WITH THE LAW

AND YES I AM FAMILIAR WITH MOST OF THE OFFICERS. I FEEL THE OFFICERS STEREOTYPED

ME AND WERE PREJUDICED IN THIS CASE. I HAVE A LAWSUIT AGAINST THE MONTGOMERY

COUNTY SHERIFFS DEPARTMENT FOR OVER 25 UNANSWERED CALLS FROM MY HOUSE ON DIFFERENT

OCCASIONS. ONE FOR BREAKING AN ENTRY, CRIMINAL DAMAGE TO MY PROPERTY, ANOTHER FOR

STOLEN TIRES OFF MY VEHICLE, ONCE FOR MY TRUCK BEING SET ON FIRE DURING THE NIGHT,

WHICH WAS SITTING ONLY A FEW FEET FROM MY HOME, CLEARLY PLACING MYSELF AND MY FAMILY

IN AN IMMANENT THREATENING POSITION; THESE THINGS HAPPENED ALL BEFORE MY ARREST.

THEY NOT ONCE RESPONDED TO CALLS, IN A TIMELY FASHION; IF AT ALL. IT IS ALSO CLEAR

THAT:

ENTRAPMENT:

OFFICER RICK ROBBINS HAD A PRIOR MEETING WITH RON BESS TO SET ME UP. RON BESS BROUGHT

A BOX INTO MY HOME AND SAID LET'S GET HIGH, NOT LET'S MAKE METH. ALL PART OF PLANT-

ING EVIDENCE IN MY HOME. OUT OF FEAR OF WHAT OFFICER RICK ROBBINS AND OTHERS MAY

DO TO HIM. DONALD HUMPHERY ALSO HAD PRIOR DEALINGS WITH THE MONTGOMERY COUNTY SHERIFFS

DEPARTMENT. THE CAMPER AND THE SPENCERS, WERE GUESTS ON THE PROPERTY, WHOM ALSO

ACTED INDEPENDENT, AND HAD NO PRIOR CONVERSATION OR ARRANGEMENT WITH ME TO MAKE

METH. YES, WE WERE ALL ADDICTS AND WE ALL GOT HIGH TOGETHER.

I WAS COERCED INTO ENTERING A GUILTY PLEA FRIGHTENED BY THE OFFICERS MY ATTORNEY,

AND THE STATES ATTORNEY; THREATENED TO EITHER TAKE THE OFFER OR THEY WOULD LOSE

ME IN THE SYSTEM. MANY INNOCENT MEN HAVE BEEN FRIGHTENED IN THE SAME WAY; OUT OF

LACK OF EXPERIENCE IN, AND AT MY AGE LIFE IS PRECIOUS.

10.

I AM ASKING THAT THE APPELLATE COURT OVERTURN THE GUILTY DECISION, RULING IN FAVOR OF THE PEOPLE AND REVERSE THE DECISION.

"OFFICIAL SEAL"
Bruce K. Grigg
Notary Public, State of Illinois
My Commission Exp. 03/21/2007

I THANK YOU

ADDENDUMS TO FOLLOW; AS OPPORTUNITY FOR FURTHER RESEARCH WILL ALLOW.

Sworn to and subscribed before me this
15th day of April, 2003
Witness my hand and official seal.
Notary Public

11.

Dear Sir                                    1.

    I'm sending you a copy
of pictures and letters I've.
wrote. I have four wittnesses
some that made calls for
me, and my son who's car
was broken in to.
    I wrote the Governor
Biagojeveh 207 State House
Springfield Il. 62706.
He forwarded my letter to
the State Police.
Montgomery County Sheriffs
Office stated that Eric
Hollow did not work for
them.
    I made a small mistake
Eric Hollow works for Witt
City Police Dep. It is in
Montgomery County.
    I'm not a lawyer, I
have a tenth grade education
please forgive that simple
mistake. I have served two
years of my sentance already.

2

I have not recieved one ticket for any reason. Here at Big Muddy River C.C. in Ina Il. I work at the Admin Building as a porter, for a year.

I worked at Vandalia Il. for a year with outside clearance.

Sir I work at Freeman United Crown III Coal Mine for 19 years total.

Thank You For Your Time

David L. Louis
K97442

P.S. Why was the Fire Marchel not contacted by the Montgomery County Police Dept. When Eric Hollow stated that a flamable liquid was used.



# Freeman United Coal Mining Company

**Crown Mine III**
P.O. Box 259
Farmersville, IL 62533-0259
217/627-2161
Fax 217/627-3411

DATE:  July 21, 2004

TO WHOM IT MAY CONCERN:

This is to certify that the following person was employed by Freeman United Coal Mining Company at the location(s) and date(s) shown below:

NAME: **David L. Lowis**                                      **SS # 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**

MINE(S):                    DATE FROM:                    DATE TO:

Crown III Mine ----------------- 08-24-81 (New Hire) ------------------------ 06-07-82 (Laid Off)
----------------- 01-02-85 (Recalled) ------------------------- 08-29-87 (Laid Off)
----------------- 08-19-89 (Recalled) ------------------------- 09-20-00 (Discharged)

If records are available, classifications held and the mine(s) where held are shown below:

**CLASSIFICATION(S):**                                             **MINE(S):**
Trainee, Laborer, Utilityman, Miner Oper.
Shuttle Car Oper., Inby Grade 5, Outby Grade 3 -------------------------------- Crown III Mine

Very truly yours,

Ken Fritzsche, Manager
Employee Relations





↑

Before

AFTER



AFTER

## NEW EVIDENCE/STATEMENTS OF NEW FACTS

The Montgomery County Sherrifs' Dept. are being charged with several
Civil Rights violations; 14th Amendment possible 1st Amendment violations.
The Montgomery County Sherrifs were called between July, August & September,
22 to 25 times by my family, my fiancee, and my son for protection and for
service. My families lives were threatened by fire on one occassion. My
property was burglarized, my property on another instance. I was being
terrorized as well as my family. Calls were documented, phone records don't
lie. This clearly shows a biasness  towards my assumed character. I had
not been convicted fo any wrong doing. Their behavior as a professonal
police department was not expressed in this matter.


/s/ David L. Lowis K97442

Sworn to and subscribed before me this
27th day of    May    , 2003
Witness my hand and official seal. ,
Notary Public  Bruce K. Grigg

/s/ _____
          Notary Public

"OFFICIAL SEAL"
Bruce K. Grigg
Notary Public, State of Illinois
My Commission Exp. 03/21/2007

From: David L. Lowis
      K97442 1B25
      P.O. Box 900
      Ina, IL 62846


TO: Governor Blagojeich
    207 State House
    Springfield, IL 62706


Dear Sir,

my name is David L. Lowis, I am an
inmate at the Big Muddy River Correctional Center. Sir, I
would truly like for you to read my letter. You are the Governor
of this, our fine State. Theirs a lot of things you should be
aware of.

First, I am currently serving a nine year sentence, but
that has nothing to do with the reasons for this letter. I
have a Civil Rights complaint against the Montgomery County
Sheriff's Office. I called the sheriff's office over 19 times
to report incidents happening at my home.

One such incident was my son's car, someone broke in and
stole the "stereo system, and speakers, my home was broken
into, and the TV was taken. My garage where my tools and
riding lawn mower was taken from that garage. The Montgomery
County Sheriff's Department never came out, nor would they
make out an incident report so I could send it in to the
insurance company so I could at least some of my property
replaced. During this time, I along with my son and girl
friend even called the State Police twice with no response.

1

September 16, 2002, I woke up around 6:00 a.m. to find my
truck on fire which was between 8 and 10 feet from my home, we
had to use a water hose and buckets to put this fire out.
Without the water hose and the bucket's my family and my home
would have went up in flames. With a wet phone, I sent my girl
friend Lorree Dorsey to where her mother worked to call for
the police to come out, none did. The Fire Department was also
called, they never came out. The last week of September my
truck wheel's and tires was stolen off my truck just next to
my home. But once again no one came out to investigate. Again
my girl friend went to the store where her mother worked, Lyn
Brown  she talked to Eric Hollow and she told him he had to
get over to my home to investigate, it was eight (8) days
before Eric Hollow came out to my home.

Deputy Hollow did finally showed up, he stated that my
truck was set on fire with the use of some kind of flammable
liquid, a gas or something. He also said my wheels and tires
were gone and there were two beer bottles left on the running
board. These bottles was taken for fingerprint's. I at that
time told the Deputy that I wanted these persons arrested. My
truck wheels cost me over $1500.00. Later that day, a neighbor
called and said that they saw two young men, Jason Chiniuritts
and Davy Engles around my truck early that day. I found the
two of them later that day riding through town, I stopped them
and asked them where my wheel and tires. I asked them where
were my tires and I wanted them to return my wheel and tires
back to me.   The two young men went to the Witt, Illinois
police, Eric Hollow and told him that they were the one's that had
taken my wheels and tires off my truck, but this officer would
not arrest them. About 1:30 p.m. that day, Jason returned with
my wheels.

2

Before Jason could leave, I had him to help me to put the wheels back on my truck. Afterward he said that he was sorry for what he had did. Here is a young man that had taken my wheels off my truck right next to me, and I couldn't touch him, but he knew I was angry at what he and his friend had did. Yet, this young man had not been arrested even though the police knew he and his friend had taken the wheel's.

Monday Oct. 1, at 8:00 I had to turn myself in to I.D.O.C., nothing had been done as yet by the police even though they knew who had set my truck on fire and the one's that had taken my wheels, and no report had been file on the house, garage and my tools, nor anything about my son's car. The Sheriff's Office knew everyone that was involved in these actions, yet nothing was ever done. Everyone just went free to do whatever that wanted with the police knowing who and what had went on.

I didn't understand what or why things was going the way they were. I've always worked in order to get what I wanted or needed. But here we have police that care more about the people that was doing wrong more so than the one's that have worked for what they had. Insurance would not honor a claim because the police would not write a report.

I worked for the "Freeman United Til Coal Mine in Farmersville, Illinois for over 19 years and had been married for over 20 years. My youngest is 18 years old. I asked if I could turn myself in October first so I could walk my daughter down the aisle at her wedding, and that was allowed. I was treated very bad by the Sheriff's Department of Montgomery, Illinois. From all that I had to go through, I never received a police report up till this day from them for none of the things done to me and my family. This is the reason that I must file a suit against that county. But, as I tried to file this suit, my case was dropped because the courts said I didn't send $9.32 for a partial filing fee. My daughter sent the $9.32 into the court but, I was told the money never made it there, but it was spent.

3

Sir, you tell me, why should I have to pay for "<u>equal</u> <u>protection?</u> I spent all that my mother had sent my trying to get the copies that was needed, I know that that money was sent. I am sending another $9.32 I just hope that things will work out the next time around. I also hope that no one else will have to go through the things that I have in order to file a suit in Court. It's very hard to find someone here in this prison that can work of law suit's and I'm not an attorney myself.

You yourself know that it's even harder on a hard working person than on one that does nothing. I was not a felon when all these things were happening to me, I was working and paying taxes like everyone else and still could not get the police to help me with <u>reports</u> or <u>arresting</u> the people that was taking my property. I have phone records to show where me, my girl friend and son had called the police to report something that had happened at and around my home and the police never came out. I even have witnesses that are willing to go into court and tell what they know about what was going on.

I've lost over $10,000.00 worth of tools both air and regular stolen plus a ~~Ransen King~~ riding 18 h.p. mower. Later I was told by some of the police that they hadn't arrested anyone because I used drugs, what does that have to do with them doing their jobs?   I called a total of 24 times in two years and nothing has ever been done. The morning my truck was set on fire, I thank God I had to get up or, the house would have went up with me and my family in it, this is just how close the truck was to the house. Sir, what kind of price can you put on life? I need help with this issue, can you?

I at one time heard you say on TV that you were all for the working person, I was a working person and intend to be again once released. For 10 hours a day I worked in the mines to pay for the things that I had, I never stole from anyone. It cost us inmates $150.00 in order for us to file a suit and the money is taken out from the money the State gives you every month and the amount is according to how much you make a month. But I can't

4

I can't be all bad, I worked at the Vandalia C.C. for a
year and was transferred from there because the major at the Big
Muddy River Correctional Center wanted me and a few other to work
for Big Muddy in the Administration Building with an outside
clearance. As on the streets, I work here. I do my job and no one
has to tell me what or how to do it. I don't receive tickets
which I'm told is very hard not to get.

Sir, can you have someone to investigate this matter?
If you can, I would greatly appreciate it. You are the Governor
of this great State of Illinois and you know the law and how it
is suppose to work. You know yourself that the police are suppose
to serve and protect everyone not just one set of people no
matter the race or color. I have paid my taxes and have done my
part in serving the people who use coal and anyone that I could
help no matter what.

Sir, I thank you for taking the time to read my letter.
Please respond.

Sincerely,

David L. Lowis K97442
K97442 1B25
P.O. Box 900
Ina, IL 62846

Signed before me this 30th Day of Jan, 2004.

"OFFICIAL SEAL"
JENNIFER L. WILSON
Notary Public, State of Illinois
My Commission Expires 7/31/2004

5