UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**David L. Lowis,**
    **Plaintiff,**

vs.  03-3062

**Montgomery County Sheriff, et al.,**
   **Defendants.**

### ORDER

    The plaintiff seeks leave to proceed on appeal in forma pauperis, d/e 20. Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. *See Cruz v. Hauck*, 404 U.S. 59, 62 (1971); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). *See also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), where the court held that an appeal from a dismissal for frivolousness cannot be in good faith.

    In accordance with *Celske v. Edwards*, 164 F.3d 396 (7th Cir. 1999), the plaintiff was provided an opportunity to submit a statement of his grounds for appeal. This court has reviewed the plaintiff's brief, d/e 25, filed on September 7, 2004. A plaintiff that identifies issues that are debatable among jurists of reasons, that could be resolved in a different manner, or that are sufficient to deserve encouragement to proceed further, demonstrates a good faith basis for an appeal. *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998). The plaintiff has not presented a good faith basis for appeal and the court cannot find a good faith basis for appeal. Therefore, this court must deny the plaintiff's motion for leave to proceed in forma pauperis and certify, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith.

    The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis but must pay the appellate fee of $250.00 within 14 days. *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). If plaintiff wishes to contest this court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within 30 days after service of this order. See Fed.R.App.P. 24(a).

    Accordingly, the court enters the following orders:

1. The plaintiff's motion for leave to proceed in forma pauperis is denied, d/e 20. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith.
2. The plaintiff is ordered to remit to the clerk of the court the $250.00 appellate fee within 14 days of the date of this order. The plaintiff is responsible for ensuring payment of the

      filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. The obligation to make full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. The plaintiff is under a continuing obligation to inform the clerk of this court in writing of any change of address within seven days of the change.

3.     The clerk of the court is directed to mail a copy of this order to the Seventh Circuit United States Court of Appeal.

Enter this 21st day of September 2004.

**s/Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE